(121 App. Div. 434.)

WARTH v. GREIF et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1907.)

DAMAGES—BREACH OF COVENANT—CONDITIONS.

Plaintiff installed a patented machine in defendants' place of business, under an agreement for an installation fee and a royalty, which was subsequently modified so as to provide that the balance of the installation fee remaining unpaid might be remitted if defendants should return the machine before a specified date. The agreement also provided that defendants might terminate the payment of the royalty on condition that the machine should be returned with payment of royalty to the date of return, "and upon the further condition" that defendants agreed that they would not thereafter use, or authorize or allow to be used, in their business or elsewhere, any similar machine until all the patents mentioned in the agreement had expired. *Held*, that the provision against defendants' use of another machine should be construed as a covenant, rather than a condition precedent, so that, the contract being silent as to the extent of plaintiff's damage in case of breach, plaintiff could only recover nominal damages therefor without proof of actual damage.

Appeal from Special Term, Richmond County.

Action by Apollonia Warth against Max Greif and another, doing business as L. Greif & Bro. From a judgment in favor of plaintiff for less than the relief demanded, she appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Augustus J. Koehler, for appellant.
Benjamin N. Cardozo, for respondents.

HOOKER, J. The plaintiff was the owner of certain letters patent of the United States, and was in the business of constructing and

leasing cloth-cutting machines built according to the specifications of such letters. One of her machines she leased to the defendants, and in the agreement the plaintiff was denominated as the licensor, and the defendants as the licensees. Upon the installation of the machine supplied to the licensees, they were to pay, pursuant to the terms of the contract, the sum of $600 to cover the cost of the machine, and undertook to pay a royalty of $125 semiannually, commencing at the time of the installation of the machine, November 3, 1893. By supplemental agreement, the full $600 of the installation fee not having been paid, the original agreement was modified, so that it was provided that the balance of $409 of such installation fee, which then remained unpaid, might be remitted if the licensees should elect to return the machine before May 1, 1896. The seventh paragraph of the original agreement provided as follows:

"The said licensees may terminate the payment of royalty herein mentioned, upon the condition that the aforesaid machine shall be returned and delivered to said licensor by the said licensees with payment of royalty up to date of such return; and upon the further condition, and the said licensees agree that they will not thereafter use or authorize or allow to be used, directly or indirectly, in their business or elsewhere, any other cloth-cutting machine until all the patents herein mentioned shall have run out."

The licensees returned the machine and the licensor accepted its return before the 1st day of May, 1896, and hence under the terms of the original agreement and the modification thereof the licensees became released from the payment of any royalties after that day, and likewise became released from the payment of the sum of $409.60, the balance unpaid of the installation fee. Soon thereafter, in violation of the undertaking of the licensee contained in the seventh paragraph of the original agreement, they installed and used in their business another cloth-cutting machine, and this was before the patents mentioned in the said agreement and owned by the plaintiff had run out. None of the facts were in dispute upon the trial. The plaintiff rested, and the action was submitted to the learned court, which tried the case without a jury, without any proof on the part of the plaintiff of damages it had sustained, except such proof as may have been contained in that respect in the agreement itself. The court decided that the plaintiff was entitled to six cents damages and the judgment was entered accordingly, from which the plaintiff appeals.

The appellant's claim is that, by reason of the defendant's breach of its undertaking not to install in its business any other cloth-cutting machine, she is entitled to recover as damages the amount of the semiannual royalties from the time of the installation of such other cloth-cutting machine by the defendant to the time of the trial, while the respondents contend that, in the absence of any proof of damage, the damages were nominal and the judgment for six cents should be affirmed. The question seems to be whether the undertaking was a condition precedent or a mere covenant, and this question must be determined by the construction of the seventh paragraph of the contract. It was there provided that the licensees might terminate the payment of royalties upon the condition that the machine be returned, royalties having been paid to the time thereof, "and upon the fur-

ther condition, and the licensees agree that they will not thereafter use" any other cloth-cutting machine. The law favors covenants, rather than conditions precedent. If the words, "and upon the further condition," had been omitted from the seventh paragraph of the contract, the question would not be involved in any difficulty; for this agreement clearly would then have meant that the licensees might terminate the payment of royalties by the return of the machine it was using, royalties having been paid to the date thereof, and, because of the agreement or covenant that the licensees would not thereafter use any other cloth-cutting machine, they would have been compelled to respond in damages to the plaintiff because of their subsequent use of another machine in such sum as the plaintiff established by common law evidence she was injured. The insertion of the words "and upon the further condition" must be, of course, admitted to render the meaning ambiguous; that is, it is uncertain whether the parties meant that the provision against the use of other machines should be a condition precedent or a mere covenant, but because the intent is, from the very nature of the language, ambiguous, there is no difficulty in applying the rule that the courts favor a covenant rather than a condition precedent, and, applying that rule, the provision of the contract must be considered as a mere covenant. It being a covenant, and the contract being silent as to the extent of the plaintiff's damage by reason of its breach, the plaintiff is not entitled to more than nominal damages in the absence of specific proof of her actual damage.

The judgment should therefore be affirmed, with costs. All concur.